ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| DANIEL RIVERA COLÓN, <br><br> Peticionaria, <br><br> v. <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO; ADMINISTRACIÓN DE CORRECCIÓN Y REHABILITACIÓN; COMPASS GROUP-PHYSICIAN CORRECTIONAL; DRA. JOAN M. RODRÍGUEZ SOTO (DIRECTORA MÉDICA); DRA. SANDRA N. MALDONADO RIVERA (INFECTÓLOGA DE SALUD); C.M.C. DE BAYAMÓN P.R.; FISIATRA Y DIRECTOR MÉDICO DEL COMPLEJO DE PONCE; ASEGURADORAS A, B, y C; FULANO y SUTANO DE TAL, <br><br> Recurrida, | KLCE202400417 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce. <br><br> Civil núm.: PO2023CV03204. <br><br> Sobre: violación de derechos civiles; daños. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2024.

El 10 de abril de 2024, el señor Daniel Rivera Colón presentó el recurso del título por derecho propio. En síntesis, solicitó que este Tribunal revocara la determinación del foro primario que denegó su solicitud para que se le designara un abogado de oficio en su acción civil.

Examinado el recurso, el 7 de mayo de 2024, ordenamos al peticionario a que, en un término de 10 días, sometiera el formulario intitulado *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* debidamente cumplimentado; copia del formulario le fue notificada por la Secretaría de este Tribunal.

El 29 de mayo de 2024, el señor Rivera Colón presentó el formulario correspondiente, por lo que se autoriza su comparecencia como indigente.

De otra parte, y cual le fuera ordenado, el Estado, por conducto de la Oficina del Procurador General, compareció el 17 de mayo de 2024. En su escrito, nos informó que un panel hermano había dictado sentencia el 19 de abril de 2024, en el recurso *Daniel Rivera Colón v. Departamento de Corrección y Rehabilitación, y otros*, KLCE202400418, también proveniente de la Sala Superior de Ponce[1]. En su sentencia, el panel hermano concluyó que el foro primario había errado al denegar de plano la solicitud del señor Rivera Colón para que se le nombrase un abogado de oficio en su causa civil. Así pues, el panel hermano ordenó que el tribunal evaluara la solicitud del señor Rivera Colón y emitiera una determinación fundamentada en cuanto a si el peticionario satisfacía o no los criterios esbozados en el *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico*, 4 LPRA Ap. XXXVIII.

Le asiste la razón al Estado. El hecho de que el señor Rivera Colón haya presentado su solicitud para la designación de un abogado de oficio en una acción civil no le priva automáticamente del derecho a que el foro primario, a la luz de los criterios consignados en la Regla 5(c) del Reglamento antes citado, en el ejercicio de su discreción, determine que procede tal designación. Por tanto, le corresponde al foro primario hacer ese ejercicio y fundamentarlo debidamente.

Así pues, conforme a la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, **expedimos el auto de *certiorari* y revocamos la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 8 de marzo de 2024**. Devolvemos el asunto a dicho foro para que atienda la solicitud del señor Rivera Colón de manera compatible con lo aquí dispuesto.

---

[1] Aclaramos que el caso civil que generó este recurso es el alfanumérico PO2023CV03204, cuya demanda fue instada el 17 de octubre de 2023. A su vez, el caso civil que generó la sentencia del panel hermano le fue asignado el alfanumérico PO2023CV03169, cuya demanda fue instada el 16 de octubre de 2023. Ambos casos son atendidos por el mismo juez superior, Hon. Hamed Santaella Carlo. Todo ello surge del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones